E. A. STANLEY et al. v. STATE.

No. A-6055.  Opinion Filed May 19, 1928.
Rehearing Denied Nov. 17, 1928.
(271 Pac. 432.)

Whiteside & Snodgrass, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.  The plaintiffs in error were tried and convicted on an information charging that in Greer county, on or about the 10th day of June, 1925, they did have in their possession in the town of Granite, in said county, a

still worm for the purpose of, production of, and distillation of, alcoholic liquors, and in accordance with the verdict of the jury were each sentenced to be confined in the county jail for 30 days and to pay a fine of $50.

From the judgments rendered on the verdict they appealed.

The errors assigned and relied upon for a reversal of the judgment are as follows: That the court erred in admitting evidence obtained by an unlawful search without a search warrant, and erred in overruling the defendant's motion for a directed verdict of acquittal.

The evidence for the state, which was all the testimony in the case, shows that the three defendants on the day charged were in a Buick roadster, which was wrecked near the town of Granite.

C. W. Carpenter, deputy sheriff, testified that he observed a still worm in the back of the car, covered with something like a wagon sheet, and he took it out of the car; then he found some yeast cakes in the car; that he arrested the defendants, and brought them to Mangum; that about five inches of the copper pipe was sticking out from under the sheet when he first saw it.

Several witnesses testified that the pipe and coil and still worm seized were similar to those used in manufacturing distilled liquors. The defendants did not testify.

The contention of plaintiffs in error is that the search of their automobile was illegal, therefore unreasonable, and violative of the rights guaranteed to them by section 30, art. 2, of the state Constitution, because the officer had no warrant for their arrest and no search warrant directing the search of the automobile.

When a violation of any provision of the Prohibition Enforcement Act (Comp. St. 1910, sections 7002-7039) shall occur in the presence of any officer having power to

serve criminal process, it shall be the duty of said officer, without a warrant, to arrest the offender and seize the liquors or utensils used, or intended to be used, in violation of said act.

It is undisputed that the offense here was committed in the presence of the officer who made the seizure, and for this reason the motion to suppress the evidence was properly overruled. Our examination of the record leaves no doubt in our minds as to the sufficiency of the evidence to support the verdict. It also appears that one of the defendants, E. A. Stanley, is at this time a fugitive from justice.

It appearing that the defendants had a fair trial, the judgments appealed from are affirmed.

EDWARDS and DAVENPORT, JJ., concur.